1

2

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

3

4

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:12-cr-00413-GMN-PAL |
| vs. | ) | |
| | ) | **ORDER** |
| Cesar Miranda-Ramirez, | ) | |
| | ) | |
| Defendant. | ) | |

5

6

7

8

9

10

Pending before the Court is the Motion to Reconsider the Court's January 31, 2013 Order denying the *pro hac vice* petition of attorney Jon Divens. (ECF No. 20.)

11

## I.   <u>BACKGROUND</u>

12

13

14

15

16

17

18

19

20

21

22

23

On January 22, 2013, at 3:36 p.m. PST, attorney Jon Divens filed the Verified Petition for Permission to Practice Pro Hac Vice (the "Petition") requesting permission to be admitted to practice before this Court to represent Cesar Miranda-Ramirez (the "Defendant") in the instant case. (ECF No. 16.)  In the Petition, Mr. Divens represented that "[t]here are or have been no disciplinary proceedings instituted against [him], nor any suspension of any license, certificate or privilege to appear before any judicial, regulatory or administrative body, or any resignation or termination in order to avoid disciplinary or disbarment proceedings, except … 'a pending State Bar proceeding based on allegations of misconduct.'" (Petition 2:19-23, ECF No. 16.)  He further represented that "[he is] innocent of each of these allegations involving the transfer or non-transfer [of] United States securities from an account of which he was in control of." (*Id.* at 2:23-25, ECF No. 16.)   See *Figure 1* below:

24

25



*Figure 1.*  Excerpt of Section 5 from the Petition addressing pending State Bar proceedings against Mr. Divens. (Petition 2:19-25, ECF No. 16.)

Also in the Petition, Mr. Divens represented that he had previously filed an application on January 3, 2013, to appear as counsel under Local Rule IA 10-2 in the cause "USA v. Damante" in the United States District Court for the District of Nevada. (*Id.* at 3:10-14, ECF No. 16.)  He also represented that the application was "Granted". *Id.*  See *Figure 2* below:



*Figure 2.*  Excerpt of Section 8 from the Petition addressing whether Mr. Divens had submitted previous *pro hac vice* applications under LR IA 10-2. (Petition 2:19-25, ECF No. 16.)

The Court takes judicial notice that as of January 22, 2013, the only cause styled "United States v. Damante" before the United State District Court for the District of Nevada was *United States v. Damante*, Case No. 2:11-cr-00064-MMD-CWH.  In the *Damante* action, the docket reflects that Mr. Divens was present at the arraignment for defendant David Damante on December 7, 2012, before United States Magistrate Judge Carl W. Hoffman, and was instructed by Judge Hoffman to "file the appropriate Pro Hac Vice Application and Association of Counsel." Mins. of Proceedings, December 7, 2013, ECF No. 148, *United States v. Damante*, Case No. 2:11-cr-00064-MMD-CWH.  On January 2, 2012, Mr. Divens was present at calendar call before Judge Miranda M. Du, and upon inquiry of Judge Du, he represented that "his substitution of counsel/pro hac vice motion" would be filed that day. Mins. of Proceedings, January 2, 2013, ECF No. 153, *United States v. Damante*, No. 2:11-cr-00064-MMD-CWH.  He did not file his Verified Petition for Permission to Practice Pro Hac Vice in the *Damante* action until January 22, 2013, at 3:46 p.m. PST (ECF No. 154, *United States v. Damante*, No. 2:11-cr-00064-MMD-CWH), which was ten minutes after the Petition in the instant matter.

On January 23, 2013, the Court considered the Petition and ordered Mr. Divens to immediately file under seal a copy of the pending misconduct allegations referenced on page 2. (ECF No. 17.)  Mr. Divens subsequently filed under seal the documentation requested by the Court (the "Sealed Supplement", ECF No. 18).

On January 31, 2013, having reviewed the Petition and the Sealed Supplement, the Court denied Mr. Divens's request for good cause appearing. (ECF No. 19.)  On February 1, 2013, Mr. Divens filed this motion in response for the Court to reconsider its denial of his *pro hac vice* application and to seek clarification as to what the Court determined as the "good cause" shown. (Req. for Reconsideration, ECF No. 20, 2:20-23 and 5:14-17.)

## II.    LEGAL STANDARD

Rule 60(a) of the Federal Rules of Civil Procedure provides that courts may grant relief from a judgment or order by correcting "a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a).  It further provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

## III.    DISCUSSION

This Court finds no mistake or excusable neglect in its denial of the Petition.  Mr. Divens has not provided newly discovered evidence nor has he shown that the Government, the opposing party in the instant action, committed fraud, misrepresentation or misconduct.  The previous judgment is not void nor has it been satisfied, released or discharged based on an earlier judgment that has been reversed or vacated.  Mr.  Divens, however, implicates in this motion the Defendant's Sixth Amendment right to counsel of choice as a reason that may justify relief. (Req. for Reconsideration, ECF No. 20, 4:16-5:11.)

The Sixth Amendment of the Constitution of the United States provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to … have the Assistance of Counsel for his defence." U.S. Const. amend. VI.  The Sixth Amendment affords a defendant the right to counsel of his choosing. *United States v. Gonzalez-Lopez*, 548 U.S. 140, 147-48 (2006).  "A defendant's right to the counsel of his choice includes the right to have an out-of-state lawyer admitted *pro hac vice*." *United States v. Lillie*, 989 F.2d 1054, 1056 (9th Cir. 1993).  This right, however, "is not absolute and could be revoked to serve a 'compelling purpose,' such as 'the efficient and orderly administration of justice.'" *United States v. Ensign*, 491 F.3d 1109, 1114 (9th Cir. 2007) (quoting *United States v. Walters*, 309 F.3d 589, 592 (9th Cir. 2002) and *United States v. Ries*, 100 F.3d 1469, 1471 (9th Cir. 1996)).  The Tenth Circuit has also elaborated on the standard and further specifies:

> "A defendant's choice of retained counsel must be respected 'unless it would unreasonably delay proceedings or burden the court with retained counsel who was incompetent or unwilling to abide by court rules and ethical guidelines'. It 'should be deprived only where such drastic action is necessary to further some overriding social or ethical interest'.  Courts therefore must balance a defendant's constitutional right to retain counsel of his choice against the need to maintain the highest standards of professional responsibility, the public's confidence in the integrity of the judicial process and the orderly administration of justice."

*United States v. Collins*, 920 F.2d 619, 626 (10th Cir. 1990) (citations omitted).  "Courts may also consider an attorney's ethical fitness before granting a motion to proceed *pro hac vice*." *Id.*

In this Court, Local Rule IA 10-2 of the Local Rules of Practice for the United States District Court for the District of Nevada governs attorneys' admission to practice in a particular case.  It provides that "[a]n attorney who is not a member of the Bar of this Court, who has

been retained or appointed to appear in a particular case, may do so only with permission of this Court." D. Nev. R. IA 10-2(a).  Application for such permission shall be by verified petition stating, in addition to other requirements, "[w]hether the attorney is currently subject to any disciplinary proceedings by any organization with authority to discipline attorneys at law." *Id.*; D. Nev. R. IA 10-2(b)(5).  The application must also state "[t]he title and case number of any matter … in which the attorney has filed an application to appear as counsel under this Rule in the preceding three (3) years, the date of each application, and whether it was granted." D. Nev. R. IA 10-2(b)(7).  It is within the court's discretion to grant or deny such a petition. D. Nev. R. IA 10-2(h).  The Court may enter an order approving the verified petition for permission to practice in a particular case when all the provisions of Local Rule IA 10-2 are satisfied. D. Nev. R. IA 10-2(j).

While the Certificate of Standing by the State Bar of California dated December 28, 2012 states that there have been no recommendations for discipline for professional or other misconduct against Mr. Divens, it also states that there were two notices of disciplinary charges directed to Mr. Divens to commence formal disciplinary proceedings and hearings. (Petition 6, ECF No. 16.)  Although Mr. Divens contends that the "charges have not been proven, and [that] there has been no final, non-appealable order given regarding them" (Decl. of Jon Divens 7:12-13, ECF No. 20), this Court has the discretion to discern from the charges any potential implications of Mr. Divens's ethical fitness as an attorney. D. Nev. R. IA 10-2(h); *Collins*, 920 F.2d at 626.   The charges have not been proven, but they have not been disproven either, as Mr. Divens has represented that the proceedings against him are still pending.  Without divulging the details of the charges, this Court finds that the substantive aspects of the allegations were enough to deny the Petition.

Even if pending proceedings alone do not support a denial of the Petition, the various misrepresentations Mr. Divens has made within the Petition certainly do.  Mr. Divens falsely

represented in the Petition that his application to practice *pro hac vice* in *United States v. Damante*, Case No. 2:11-cr-00064-MMD-CWH, was granted. (Petition 3:10-14, ECF No. 16.) Mr. Divens's application, however, was in fact denied by Judge Du on February 1, 2013. Order Denying Verified Pet., ECF No. 162, *United States v. Damante*, No. 2:11-cr-00064-MMD-CWH). In addition, the Petition in the instant case stated that Mr. Divens filed the application in the *Damante* action on January 3, 2013; when in fact, the *Damante* docket shows that Mr. Divens did not file the application in the *Damante* action until January 22, 2013, at 3:46 p.m. PST. Verified Pet. For Permission to Practice Pro Hac Vice, ECF No. 154, *United States v. Damante*, No. 2:11-cr-00064-MMD-CWH. Significant to note is that the filing of the *pro hac vice* application in the *Damante* action was filed ten minutes after the filing the Petition in the instant case. Thus, many of the representations that Mr. Divens made in the Petition in the instant action relating to the *pro hac vice* application in the *Damante* action were inaccurate and false.

The Court's denial of Mr. Divens's Petition were based not only on pending disciplinary actions by the California State Bar, but also on his falsely stating in the Petition that his January 3, 2013 application to appear as counsel under Local Rule IA 10-2 in the *Damante* case was granted by the U.S. District Court of Nevada. Direct misrepresentations to this Court and pending disciplinary proceedings by another state's bar constitute good causes for denying the Petition. A denial of the Petition serves a compelling purpose as Mr. Divens's actions in the instant case impede upon the efficient and orderly administration of justice. His inaccurate representations unreasonably delay proceedings and show that he is unable to abide by the court's rules. Mr. Diven's ethical unfitness to practice in this Court could adversely affect the way he represents the Defendant in the instant case. The Defendant's constitution right to counsel of choice must be balanced against the need to maintain the highest standards of professional responsibility, and Mr. Divens has not met those standards. The Court concludes that Mr. Divens's conduct violates the public's interest in fair and orderly administration of

justice, which outweighs the Defendant's sixth amendment right to retain counsel of choice. The granting of petitions to practice *pro hac vice* is "a privilege not a right", and denial of the request is within the Court's discretion. *United States v. Ensign*, 491 F.3d 1109, 1113 (9th Cir. 2007).

IV.   **CONCLUSION**

      **IT IS HEREBY ORDERED** that the Motion to Reconsider (ECF No. 20) is **DENIED**.

      **DATED** this 18th day of March, 2013.

_____
Gloria M. Navarro
United States District Judge